UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| GURJEET SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN Sheriff of Clay County, Indiana, and Custodian of the Clay County Justice Center, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00721-JRS-MJD |

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Gurjeet Singh's petition for a writ of habeas corpus challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court grants Mr. Singh's petition in part and orders the respondents to either afford him a bond hearing or release him from custody.

The parties do not dispute the material facts. Mr. Singh is an Indian native and citizen. Dkt. 6-1 at 5. He entered the United States without inspection in 2024. Dkt. 1 ¶ 25. Local authorities arrested Mr. Singh in Parke County on October 15, 2026, and charged him with driving without a license. Dkt. 6-1 at 2. ICE officials took Mr. Singh into federal custody on October 21. *Id.* He remains in federal custody, currently at the Clay County Jail. Mr. Singh requested a bond hearing on October 21, and a hearing is scheduled for November 10. *Id.* at 12–13.

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When Mr. Singh filed his petition on October 29, he raised multiple challenges, including that he was wrongly held without consideration of bond in violation of 8 U.S.C. § 1226(a). Respondents

concede that, following *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026), § 1226(a) entitles Mr. Singh to a bond hearing. Dkt. 6 at 1–2. Respondents ask the Court to dismiss the case because Mr. Singh has not yet exhausted the administrative process. Mr. Singh asks the Court to order Respondents to hold his bond hearing as scheduled and retain jurisdiction over this case.

Mr. Singh's petition is **granted** to the extent that Respondents have **through November 12, 2026**, to either: (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Singh from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Singh with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

The petition is **denied without prejudice** to the extent that it seeks relief on other grounds. Mr. Singh's request that the Court retain jurisdiction over the matter is **denied**. Mr. Singh may file an appropriate post-judgment motion or a new petition as circumstances warrant following the bond hearing.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 11/6/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Borowski
Matthew Borowski
matthew@borowskilaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov